CHARLES JACQUIN ET CIE, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 89–02–00105

(Decided February 7, 1992)

*Sharretts, Paley, Carter & Blauvelt (Allan H. Kamnitz)* for plaintiff.

*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Carla Garcia-Benitez*); Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service (*Chi S. Choy*), for defendant.

DiCARLO, *Chief Judge:* This action concerns the proper tariff classification of spreadable fruit products made from black cherries, peaches, apricots and plums which were imported from France. Customs classified the merchandise as "prepared or preserved" fruit under provisions of the Tariff Schedule of the United States regarding edible fruits. Plaintiff asserts the merchandise is classifiable as "jam" under item 153.32, TSUS. The Court denied plaintiff's motion for summary judgment in *Charles Jacquin et Cie, Inc. v. United States,* 14 CIT 803, Slip Op. 90–128 (Dec. 10, 1990), finding there was a genuine issue of material fact as to the proper classification of the merchandise. After trial, the Court affirms Customs' classification of the merchandise made from black cherries, apricots and plums and orders Customs to reclassify the merchandise made from peaches.

## BACKGROUND

The merchandise is manufactured by adding sugar, lemon juice, and liqueur or Cognac to whole or cut pieces of pitted fruit and then boiling the mixture to a thick consistency. The government classified the merchandise as "prepared or preserved fruit" under items 146.99, 148.78, 146.24 and 149.28, TSUS, in Schedule 1, Part 9, Subpart B, TSUS, which is entitled "Edible Fruits." The headnote to Part 9, Subpart B states that "the term *'prepared or preserved'* covers fruit which is dried, in brine, pickled, frozen, or otherwise prepared or preserved, *but does*

*not cover* * * * jellies, jams, marmalades or butters * * *." (latter emphasis added). Plaintiff contends the merchandise is classifiable as jam under item 153.32, TSUS. Plaintiff concedes that if the merchandise is not classifiable as jam, it is properly classifiable under the provisions concerning prepared or preserved fruit.

## DISCUSSION

The meaning of a tariff term is a question of law. *E.M. Chem. v. United States*, 9 Fed. Cir. (T) 33, 35, 920 F.2d 910, 912 (1990). If congressional intent is clearly expressed in the language of a tariff provision, the court should not inquire further into the meaning of that provision. *Brookside Veneers, Ltd. v. United States*, 6 Fed. Cir. (T) 121, 124, 847 F.2d 786, 788, *cert. denied*, 488 U.S. 943 (1988). If congressional intent is not evident, the court is to construe the term according to its common and commercial meaning. *E.M. Chem.*, 9 Fed. Cir. (T) at 37, 920 F.2d at 913. The parties and their expert witnesses agree with the Court that "the common and commercial meaning of jam does not encompass a product containing pieces of fruit which are both whole or large and also firm enough to be easily separated from the surrounding syrup." *Charles Jacquin*, 14 CIT at 806, Slip Op. 90–128 at 6.

The question of whether a particular item fits within the meaning of a tariff term is a question of fact. *E.M. Chem.*, 9 Fed. Cir. (T) at 35, 920 F.2d at 912. At trial, plaintiff's expert witness emptied the contents of exhibits containing samples of the peach, plum, apricot and black cherry fruit products. The witness said he was unable to easily separate the fruit from the surrounding syrup and that he was unable to identify the specific fruit in each of the samples.

The defendant's witness testified that the plaintiff's witness could not easily separate the fruit from the surrounding syrup since he inverted the exhibits when emptying the contents. The witness explained that the pieces of fruit, which were inconsistently distributed throughout the merchandise, floated to the top of the jar. Thus, the pieces of fruit were at the bottom of the emptied contents.

At the Court's request, defendant's witness inspected the contents of the four exhibits to ascertain whether they contained whole or large pieces of fruit. The witness was able to easily separate whole black cherries and whole plums from the syrup in two of the samples and halved apricots from the syrup in a third sample. The witness was also able to separate small pieces of peach from the syrup in the fourth sample.

Based upon its own examination of the samples, which are often the most potent witnesses in classification cases, *see Simod America Corp. v. United States*, 7 Fed. Cir. (T) 82, 90, 872 F.2d 1572, 1578 (1989), and the testimony of the witnesses, the Court finds that two samples of the merchandise contained whole black cherries and whole plums and a third sample contained halved apricots and all were easily separated from the surrounding syrup. The Court also finds that the pieces of peach in the fourth sample were not whole or large nor were they easily separated from the surrounding syrup.

CONCLUSION

With respect to the merchandise made from peaches, the Court finds plaintiff has overcome the presumption of correctness attaching to Customs' classification. *See* 28 U.S.C. § 263(a)(1) (1988). Accordingly, the Court orders Customs to reclassify the merchandise as jam under item 153.32, TSUS.

The Court holds that plaintiff has failed to overcome the presumption of correctness attaching to Customs' classification of the merchandise made from black cherries, apricots and plums and affirms Customs' classification of the merchandise under items 146.99, 146.24 and 149.28, TSUS.